IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE ARREDONDO JR.,

        Plaintiff,

v.                                                            No. 1:22-cv-00803-KG-SCY

AMANDA CHAVEZ BAKER and
ASHLEY SCHNELLER,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed October 26, 2022

Plaintiff alleges that Defendant Baker, a State District Court Judge, and Defendant Schneller, a State District Court Hearing Officer, violated Plaintiff's due process and other constitutional rights during state-court proceedings. *See* Complaint at 2-3. Plaintiff seeks monetary damages in the amount of $10 million. *See* Complaint at 5.

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff:

> The Complaint fails to state a claim upon which relief can be granted against State District Judge Baker. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").

> The Complaint fails to state a claim upon which relief can be granted against State District Court Hearing Officer Schneller. "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008).

Doc. 5 at 2-3, filed October 31, 2022 ("Order"). Judge Yarbrough explained that the Complaint can be dismissed for failure to state a claim, ordered Plaintiff to file an amended complaint, and notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case. *See* Order at 3-4. Plaintiff did not file an amended complaint by the November 21, 2022, deadline.

The Court dismisses this case because the Complaint fails to state a claim upon which relief can be granted for the reasons stated by Judge Yarbrough, and because Plaintiff has not filed an amended complaint that states a claim over which the Court has jurisdiction.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
UNITED STATES DISTRICT JUDGE